Judge Nicholas
dt-Iiv-rcd the Opinion of ihe Court.
At the April term, 1829, of the Rock-castle Circuit Court, the defendants tendered two pleas in bar to plaintiff's action, to which he demurred; the demurrers were joined; the pleas adjudicated on by the court and the demurrers sustained.- The clerk, however, totally Omitted to notice on the record the filing of the pleas, demurrers, or adjudication of them, and judgment was entered as by default on enquiring: of damages. At the next term of the court these facts were abundantly proved, and the clerk in addition, stated, that before entering judgment, the jileas, &c. hud been lodged with the papers in the cause, and there remained eter since. The defendants then moved that the record might he amended so as to shew the filing of the jileas, &c., which the court refused to jiermit. The case here dejiends on the propriety of this re tusa].
Amendments are usually allowed in affirmance of judgments, seldom or never to destroy , them III. Salk. 29 After tiie term at which a judgment is rendered, the court has no longer any power to alter or amend tlic record, unless there be something on *166 the record to amend by. There is nothing of tiie sor*' ^®re 011 which to found an amendment This, many other of the g-neral rale^ of la.v, may no doubt operate injuriously in individual cases. But tbe rule is a wise one and inflexible. Thegeneral interests ot society in many important particulars depend most nearly upon the preservation of the plirjty and verity of our public records. A rule so necessa,T to their inviolability cannot be made to yield for instances of individual, hardship. See Conn vs. Doyle II Bibb, 248.
12, Smith for plaintiffs; Owsley for defendants,
Judgment affirmed with costs. .